IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA FERRARA,

    Plaintiff,

vs.                              Civ. No. 20-650 MV/JFR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY and
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on United States Magistrate Judge John F. Robbenhaar's Amended Proposed Findings and Recommended Disposition ("Amended PFRD"), filed April 19, 2021 (Doc. 26), recommending that the Court: (i) deny Plaintiff's Motion for Summary Judgment (Doc. 17), and (ii) grant Defendants' Cross Motion for Summary Judgment (Doc. 18). Plaintiff timely filed Objections (Doc. 25) to the PFRD,[1] to which Defendants filed a Response (Doc. 27). This Court overrules Plaintiff's objections to the Amended PFRD to the extent that she seeks reversal of the Magistrate Judge's conclusion that § 552(b)(6) applies to the

---

[1] Plaintiff filed objections in response to the original PFRD. Upon review, the Magistrate Judge acknowledged one of Plaintiff's objections and issued his Amended PFRD. Doc. 26. The Magistrate Judge noted in the Amended PFRD that he had erroneously referenced the legal standard pertaining to Rule 12(b)(6) motions to dismiss in the opening paragraph of the original PFRD, stating that "Plaintiff's Complaint fails to state a claim upon which relief can be granted," despite the rest of the PFRD being firmly grounded in Rule 56's standard of "no genuine dispute as to any material fact." Recognizing this error, the Amended PFRD changes a single sentence to correctly cite the legal standard of Rule 56, and otherwise is identical to the original. Because no further objections to the Amended PFRD were submitted, the Court will view Plaintiff's objections as applicable to the Amended PFRD.

1

January 31, 2019 letter at issue in this Freedom of Information Act ("FOIA") dispute. The Court agrees with the Amended PFRD that § 552(b)(6) properly exempts from disclosure most of the content in the document at issue in this dispute. The Court, however, modifies the Amended PFRD to direct Defendants to disclose a redacted copy of the January 31, 2019 letter, as set forth more fully herein. In adopting the modified Amended PFRD, the Court grants Defendants' motion for summary judgment and dismisses the Complaint with prejudice.

## STANDARD

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit,

2

theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered the parties' cross-motions for summary judgment, and Plaintiff's Objections and Defendants' response in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Plaintiff's substantive objections to the Magistrate Judge's Amended PFRD are unfounded. The Amended PFRD correctly concludes that § 552(b)(6) applies to the content of the January 31, 2019 letter. However, because Defendants publicly reveal non-substantive facts about that letter (*i.e.*, the author, date, and purpose of the letter), the Court will modify the Amended PFRD and order Defendants to produce a redacted copy of the letter to reveal the information that Defendants have already disclosed.

## BACKGROUND

Plaintiff's lawsuit seeks relief from Defendants Department of Homeland Security's and U.S. Citizenship and Immigration Services' refusal to disclose a document pursuant to Plaintiff's FOIA request. Defendants describe the document as "a January 31, 2019 letter from the Plaintiff's [client's] ex-wife sent to USCIS and which withdrew an immigration petition that she had previously submitted." Doc. 27 at 1. Defendant USCIS refused to produce the letter, claiming Exemptions 7(C) and 7(E) of 5 U.S.C. § 552(b). Plaintiff seeks judicial review of Defendants' decision to withhold the letter from disclosure.

The parties submitted their cross-motions for summary judgment, at which time Defendants relied upon a different exemption to disclosure—Exemption 6, rather than Exemption 7. The Magistrate Judge ordered production to the Court of all materials deemed responsive to Plaintiff's original FOIA request for in-camera review, and after reviewing those

documents, he denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment. *See* Doc. 26 (Amended PFRD).

Plaintiff filed her objections, Doc. 25, to which Defendants responded, Doc. 27, and the matter is now before this Court for review of the Magistrate Judge's Amended PFRD. Plaintiff makes three principal objections to the Amended PFRD: (1) Defendants improperly rely on Exemption 6[2] in these proceedings, whereas they withheld the document pursuant to Exemption 7[3] at the administrative level; (2) the Amended PFRD does not address whether portions of the letter may be released, as required by 5 U.S.C. § 552(b);[4] and (3) the Magistrate Judge cited to the incorrect legal standard in the original PFRD.[5] Defendants respond by arguing that "it is well settled that an Agency may invoke a FOIA exemption before a federal District Court, even if it was not cited in responding at the administrative level." Doc. 27 at 1-2. Defendants are silent as to whether the document in question can be redacted and released in part.

---

[2] 5 U.S.C. § 552(b)(6) applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

[3] 5 U.S.C. § 552(b)(7) applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . [or] (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

[4] Plaintiff's motion for summary judgment did not specifically seek the production of a redacted copy of the January 31, 2019 letter; nonetheless, because Plaintiff raised it in her objections to the Amended PFRD, it is properly before the Court here.

[5] *See* n. 1, supra.

## DISCUSSION

### a. Has the Agency Waived Reliance on Exemption 6?

Plaintiff argues in her objections that USCIS improperly relies upon Exemption 6 in this Court, while it withheld production of the document at issue pursuant to Exemptions 7(C) and (E) at the administrative level. Doc. 25 at 2. Defendants respond that an agency is not limited to advancing at the judicial review stage only arguments that were previously raised at the administrative level. Defendants contend that because Section 552(a)(4)(B) provides for *de novo* judicial review of the agency decision, it does not matter whether the agency correctly cites to a different exception at the judicial review stage; since agencies do not litigate matters, they do not create a record suitable for review, and therefore waiver of arguments not raised at the administrative level is inappropriate. *See Young v. C.I.A.,* 972 F.2d 536, 538-39 (4th Cir. 1992), *citing Dubin v. Dep't of the Treasury*, 555 F. Supp. 408, 412 (N.D. Ga. 1981), *aff'd*, 697 F.2d 1093 (11th Cir. 1983). The Court agrees. The relevant cases consistently recognize the principle that an agency does not waive a FOIA exemption by failing to raise it in the administrative process, *see* Doc. 27 at 2. It thus is unsurprising that Plaintiff fails to provide any authority in support of her waiver argument. For these reasons, the Court finds that Defendants may rely on Exemption 6 to support withholding the document.

### b. Does Exemption 6 Apply?

Exemption 6 shields the production of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The Court must find that there is a substantial, as opposed to de minimis, privacy interest contained in the requested information. *Multi Ag. Media LLC v. U.S.D.A.,* 515 F.3d 1224, 1229-30 (D.C. Cir. 2008). The Court must also consider the requester's asserted

FOIA public interest in disclosure of the material, and if there is a significant privacy interest in nondisclosure, the Court must balance these competing interests to determine whether disclosure "would constitute a clearly unwarranted invasion of personal privacy." *Dep't of Air Force v. Rose,* 425 U.S. 352, 372 (1976) (holding that Exemption 6 cases "require a balancing of the individual's right of privacy against the preservation of the basic purpose of [FOIA] to open agency action to the light of public scrutiny") (internal quotation marks omitted).

The document at issue is a personal letter written by the ex-wife of Plaintiff's client and thus is not a "personnel or medical file." Exemption 6 will apply only if the letter qualifies as a "similar file" the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy." The term "similar file" under Exemption 6 has a "broad, rather than a narrow, meaning" and encompasses all information that applies to a particular individual." *Forest Guardians v. U.S. FEMA*, 410 F.3d 1214, 1217 (10th Cir. 2005), *citing U.S. Dep't of State v. Washington Post. Co.,* 456 U.S. 595, 600-02 (1982). Here, the letter is maintained by Defendant USCIS for official purposes in Plaintiff's client's Alien file ("A file"), and therefore qualifies as a "detailed Government record" that "applies to a particular individual." *See Washington Post,* 456 U.S. at 602.

To be withheld under Exemption 6, the letter must also implicate a substantial privacy interest. Defendant USCIS analyzed the letter, and as reflected in the Declaration by Ms. Eggleston submitted by the Defendants in their motion for summary judgment:

> This letter reflected private and highly personal information about Ms. Joseph, as well as some of her family members. Based upon our review of this letter and its specific contents, our office determined that Ms. Joseph, and some of her family members, have a significant and substantial privacy interest in the information reflected in the letter and that this information, if disclosed, could subject Ms. Joseph and family members to possible embarrassment, harassment, or the risk of mistreatment. The privacy interest presented by this information is the type of information that would normally be subject to withholding under FOIA exemption (b)(6).

Doc. 18-1 ¶ 8.  The Magistrate Judge conducted an in-camera review of the documents and found that the document in dispute did indeed implicate a substantial privacy interest.  Doc. 26 at 9.  Like the Magistrate Judge, this Court is reluctant to second-guess the decision of Defendant USCIS that the letter in question qualifies for withholding under Exemption 6.  Notably, Plaintiff neither challenges the Eggleston Declaration nor submits an affidavit or declaration to support a contrary position.  The Court thus concludes that Defendant USCIS properly determined that the letter implicates a substantial privacy interest of the ex-wife, and that if the letter were disclosed, the ex-wife and her family could be subject to "embarrassment, harassment, or the risk of mistreatment."

Because the Court finds that there is a substantial privacy interest in the requested information, the burden shifts to Plaintiff as the party seeking disclosure to demonstrate a significant FOIA public interest.  The Court then must balance those interests to determine whether disclosure "would constitute a clearly unwarranted invasion of personal privacy."  *Rose,* 425 U.S. at 372.  The Court agrees with the Magistrate Judge's balancing of these interests.

After finding that Plaintiff identified a public interest by arguing, in her reply, that "the public has a right to know whether Defendants are faithfully executing their duties under the FOIA," the Magistrate Judge concluded that the privacy interest at stake here, namely, that of Plaintiff's client's ex-wife, surmounts the public's interest in monitoring Defendants' FOIA compliance.  Doc. 26 at 12-13.  The Court agrees with the Magistrate Judge's conclusion that "disclosure of the January 31, 2019 letter will do little if anything to further the public's understanding of whether Defendants are properly doing their jobs; rather, the document's disclosure simply furthers Plaintiff's interest in advancing her client's personal case in immigration court."  Doc. 26 at 12-13.  And like the Magistrate Judge, this Court is unable to

find that Defendants misapplied Exemption 6. The Court, therefore, adopts the Magistrate Judge's legal conclusion as set forth in the Amended PFRD.

  *c.*   *Can the Document Be Redacted?*

  Still, as Plaintiff notes in her objections, the Court may consider on *de novo* review whether a redacted version of the letter can be disclosed. *See* Doc. 25 at 2. Defendants bear the burden not only of justifying non-disclosure, but also of establishing that they have conducted a sufficiently detailed analysis to determine whether non-exempt material can be severed from privileged material and produced. *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007); *cf. Information Network for Responsible Min. (Inform) v. B.L.M.,* 611 F. Supp. 2d 1178, 1189 (D. Colo. 2009) (addressing FOIA Exemption 5). Section 552(b) directs as follows:

> Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted, and the exemption under which the deletion is made, shall be indicated at the place in the record where such deletion is made.

5 U.S.C. § 552(b). The single-page letter written by Plaintiff's client's ex-wife to Defendant USCIS was withheld in its entirety and produced as a blank page. The only text that exists is on the very top of the document produced by Defendants and reads: "PAGE WITHHELD PURSUANT TO (b)(7)(c) (b)(7)(e)". Defendants make no effort to address § 552(b)'s requirement that, if possible, "[a]ny reasonably segregable portion of a record" must be produced after deletion of the exempted portions.

  Having reviewed the withheld document, the Court agrees with Plaintiff that *some* of the letter can be produced without causing an unwarranted invasion of the ex-wife's privacy and as consistent with Defendants' public description of the letter. As explained above, Defendants

informed Plaintiff that the withheld document was "a January 31, 2019 letter from the Plaintiff's [client's] ex-wife sent to USCIS" that "withdrew an immigration petition that she had previously submitted." Doc. 27 at 1. Nowhere have Defendants suggested that this already-disclosed content is subject to any exemption. The Court thus hereby modifies the PFRD to direct Defendants to comply with § 552(b) by producing to Plaintiff, within seven days of the entry of this Order, a redacted copy of the letter, in which the unredacted portion reveals the non-exempt details that Defendants have already disclosed, *i.e.*, the date, the author, and the fact that the letter seeks to withdraw the Form I-751. Nothing in this directive shall be deemed to contravene the Magistrate Judge's conclusion, adopted here, that the information that Defendants withheld is rightly protected from disclosure pursuant to § 552(b)(6).

## CONCLUSION

For the reasons set forth herein, the Court overrules Plaintiff's objections to the Amended PFRD to the extent that she seeks reversal of the Magistrate Judge's conclusion that § 552(b)(6) applies to the January 31, 2019 letter. Upon in-camera review, and in consideration of the reasons set forth in the Amended PFRD, the Court finds that the substantive portions of the January 31, 2019 letter are subject to the exemption provided in § 552(b)(6). The Court, however, grants Plaintiff's objection in narrow part as it relates to the issue of redaction and, accordingly, modifies the Amended PFRD to direct Defendants to disclose a redacted copy of the January 31, 2019 letter, as detailed herein. The Court adopts the Amended PFRD, with this modification.

IT IS THEREFORE ORDERED that:

(1) within seven days of entry of this Order, Defendants shall produce to Plaintiff a redacted version of the letter revealing the content that Defendants already publicly conveyed, namely the date, the author, and the fact that the letter seeks to withdraw the Form I-751 petition;

(2) the Amended PFRD [Doc. 26], as modified herein, is ADOPTED;

(3) consistent with the Amended PFRD, Plaintiff's Motion for Summary Judgment [Doc. 17] is DENIED and Defendants' Cross-Motion for Summary Judgment [Doc. 18] is GRANTED; and

(4) Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**MARTHA VAZQUEZ**
**United States District Judge**